UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL WARD,

       Petitioner,

                                  Case Number: 08-13051
v.                                           Honorable David M. Lawson

CAROL HOWES, STATE OF MICHIGAN,
MICHIGAN DEPARTMENT OF
CORRECTIONS, PATRICIA CARUSO,
and MICHIGAN PAROLE BOARD,

       Respondents.
_____/

## ORDER DENYING PETITIONER'S MOTION TO APPOINT COUNSEL AND FOR AN EVIDENTIARY HEARING

The petitioner Michael Ward filed a third motion to appoint counsel and a motion for an evidentiary hearing. The Court will treat the petitioner's motion to appoint counsel at a request to reconsider the Court's prior denial of counsel. A motion for reconsideration which presents issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). Having reviewed the motion, the Court concludes that the petitioner has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(g)(3). As the Court noted in its order denying counsel, the "[p]etitioner has no absolute right to be represented by counsel on federal habeas corpus review. *See Abdur-Rahman v. Mich. Dep't of Corrs.*, 65 F.3d 489, 492 (6th Cir. 1995). '"[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege not a right."' *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting *U.S. v. Madden*, 352 F.2d 792, 793

(9th Cir. 1965)). The petitioner has presented nothing new for the Court to consider that would support providing counsel in this case. Therefore, the Court will deny this request.

The petitioner's request for an evidentiary hearing is similarly without a merit. At this point in the proceedings, such request is premature. Rule 8, Rules Governing Section 2254 Cases in the United States District Courts states, in pertinent part:

> If the petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and record of state court proceedings are filed, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required.

Rule 8(a), Rules Governing Section 2254 Cases. The Court will determine if an evidentiary hearing is required when it assesses the merits of the petition.

Accordingly, it is **ORDERED** that the petitioner's renewed motions for an evidentiary hearing and to appoint counsel, construed as a motion to reconsider, are **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: January 15, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 15, 2010.

s/Teresa Scott-Feijoo
TERESA SCOTT-FEIJOO