UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL WARD,

    Petitioner,        Case Number 08-13051
                 Honorable David M. Lawson

v.

CAROL HOWES,

    Respondent,
_____/

## ORDER GRANTING IN PART AND DENYING IN PART
## CERTIFICATE OF APPEALABILITY

   The petitioner filed a petition for a writ of habeas corpus on July 15, 2008. On September 29, 2011, the Court entered an opinion and order denying the petition, determining that the petitioner's constitutional challenge to Michigan Compiled Laws section 600.2963(8) had already been raised and adjudicated in a previous habeas proceeding, the Parole Board's decision to revoke his parole complied with due process requirements and was supported by sufficient evidence, the petitioner has not demonstrated that the hearing officer was biased, the petitioner had not demonstrated that a signature waiving his rights to a probable cause hearing was forged, the Michigan Department of Corrections and the Michigan Parole Board had jurisdiction over the petitioner, the petitioner's claim that the Parole Board failed to follow proper procedures or to give the petitioner credit for time spent in the county jail were state law issues not subject to federal habeas review, that the petitioner's plea agreement was valid and that the Parole Board did not breach the agreement, that the petitioner failed to show that the Parole Board relied on two expunged convictions in their decisions to take no interest in taking action in his case, that the petitioner cannot establish that his parole violation attorney was constitutionally ineffective, that the state court

decisions summarily dismissing his petition for judicial review of the Parole Board's decision was a state law issue not cognizable on habeas review, and that the petitioner did not establish that the judge issuing the decision summarily dismissing the petition for judicial review was biased. On this basis, the Court entered judgment against the petitioner.

Pursuant to Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Rule 11, Rules Governing Section 2254 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

Concerning the issue of the use of the petitioner's expunged 1971 convictions, the Court finds that reasonable jurists could debate whether the state's continued reference to those convictions in the Michigan Department of Correction's papers harmed the petitioner's case before

the Parole Board. Therefore, the Court will grant a certificate of appealability on this issue. However, the Court finds that reasonable jurists could not debate the resolution of any of the other claims raised by the petitioner. Therefore, the Court will deny a certificate of appealability on the remaining claims.

Accordingly, it is **ORDERED** that a certificate of appealability is **GRANTED** on the petitioner's claim that Parole Board continues to rely on his expunged convictions when deciding to take no interest in taking action in his case.

It is further **ORDERED** that a certificate of appealability is **DENIED** as to the petitioner's remaining claims.

                                          s/David M. Lawson
                                          DAVID M. LAWSON
                                          United States District Judge

Dated: September 29, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 29, 2011.

                          s/Deborah R. Tofil
                          DEBORAH R. TOFIL