UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL WARD,

        Petitioner,                               Case Number 08-13051
                                                                                Honorable David M. Lawson

v.

CAROL HOWES,

        Respondent,
_____/

**ORDER GRANTING LEAVE TO FILE EXCESS PAGES AND TO FILE A COMBINED MOTION AND BRIEF AND DENYING MOTION FOR RECONSIDERATION**

The petitioner filed a petition for a writ of habeas corpus on July 15, 2008. On September 29, 2011, the Court filed an opinion and order denying the petition, determining that the petitioner's constitutional challenge to Michigan Compiled Laws section 600.2963(8) had already been raised and adjudicated in a previous habeas proceeding, the Parole Board's decision to revoke his parole complied with due process requirements and was supported by sufficient evidence, the petitioner has not demonstrated that the hearing officer was biased, the petitioner had not demonstrated that a signature waiving his rights to a probable cause hearing was forged, the Michigan Department of Corrections and the Michigan Parole Board had jurisdiction over the petitioner, the petitioner's claim that the Parole Board failed to follow proper procedures or to give the petitioner credit for time spent in the county jail were state law issues not subject to federal habeas review, the petitioner's plea agreement was valid and the Parole Board did not breach the agreement, the petitioner failed to show that the Parole Board relied on two expunged convictions in their decisions to take no interest in taking action in his case, the petitioner cannot establish that his parole violation attorney was constitutionally ineffective, the state court decisions summarily dismissing his petition for

judicial review of the Parole Board's decision was a state law issue not cognizable on habeas review, and the petitioner did not establish bias on the part of the judge issuing the decision summarily dismissing the petition for judicial review. On those bases, the Court entered judgment against the petitioner.

On October 17, 2011, the petitioner filed three motions. In the first two of those motions, the petitioner requested leave to exceed the page limit of his motion for reconsideration and to file a combined motion and brief in one volume. The Court considers these requests reasonable and will grant them. The petitioner's third motion was a motion for reconsideration of the Court's order denying a writ of habeas corpus.

Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(g)(1) when the moving party to shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). However, motions for reconsideration should not be granted when they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(g)(3).

In his motion, the petitioner raises numerous claims of error. Among them is the petitioner's argument that the Court's failure to schedule and hold an evidentiary hearing constituted a palpable defect. Under the federal habeas statute, an evidentiary hearing on a habeas claim may be held only if a petitioner did not develop the factual basis of a claim in state court proceedings, the petitioner's claim relies on "a factual predicate [for his claim] that could not have been previously discovered through the exercise of due diligence," and the facts, if shown, could establish actual prejudice. 28

U.S.C. § 2254(e)(2)(A)(ii), (B); *see also Sawyer v. Hofbauer,* 299 F.3d 605, 610 (6th Cir. 2002) (stating that an evidentiary hearing may be held when the petitioner "alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing") (internal quotation marks omitted). In this case, the petitioner has not alleged any factual predicates for his claims that could not have been discovered previously through due diligence. Moreover, the petitioner had the opportunity to develop the factual basis of his claims during his parole violation hearing. Therefore, the federal habeas corpus statute does not allow the Court to hold an evidentiary hearing. The Court's decision to deny the petitioner's habeas corpus petition without conducting an evidentiary hearing does not constitute a palpable defect sufficient to justify reconsideration.

The Court concludes that the petitioner has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(g)(3). In addition to his claim that the failure to hold an evidentiary hearing was error, the plaintiff argues that the Court's decision was mistaken in a number of other ways. However, the petitioner raises only issues that have been considered at length already and decided by the Court. The petitioner's motion for reconsideration provides no new grounds for the Court's review. Therefore, the Court will deny the petitioner's motion for reconsideration.

Accordingly, it is **ORDERED** that the petitioner's motion for leave to file excess pages [dkt. #74] and for leave to file a combined motion and brief [dkt. #75] are **GRANTED.**

It is further **ORDERED** that the petitioner's motion for reconsideration [dkt. #76] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: October 21, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 21, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL